UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES MARION SIMS, | CASE NO. 1:15-cv-01214-MJS (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| J. GUTIERREZ, et al., | (ECF NO. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at California Correctional Institution ("CCI"), where the acts giving rise to his complaint occurred. He names the following Defendants: (1) Chief Deputy Warden J. Gutierrez, (2) Captain Jones, and (3) Counselor Vodka.

Documents attached to Plaintiff's complaint reflect the following background facts, relevant to understanding Plaintiff's allegations:

On June 18, 2013, while housed at Salinas Valley State Prison, Plaintiff received a Rules Violation Report ("RVR") for Battery on an Inmate with Serious Bodily Injury. He was assessed a 24 month SHU term. Plaintiff appealed and the RVR was ordered re-issued/re-heard due to evidentiary issues. On March 21, 2014, a Modification Order was issued. The charges were re-adjudicated on April 13, 2014 and, on April 22, 2014, the RVR was signed off on by the Chief Disciplinary Officer. Plaintiff received a 24 month determinate SHU term with a minimum eligible release date ("MERD") of December 18, 2014. Plaintiff subsequently received additional SHU terms that changed his MERD to August 26, 2015.

Plaintiff was transferred to CCI on October 3, 2014, and appeared before an Institutional Classification Committee ("ICC") on October 13, 2014 for SHU Initial Program Review.

On December 18, 2014, Defendant Gutierrez audited Plaintiff's RVR and concluded that the guilty charge of Battery on an Inmate with Serious Bodily Injury was not supported by the evidence presented at the April 13, 2014 hearing. Accordingly, on January 5, 2015, Defendant Gutierrez notified Plaintiff that the charge would be modified and reduced to Battery on an Inmate. Plaintiff's 24 month SHU term was voided. Plaintiff was scheduled for ICC to reassess his SHU term, given that Plaintiff had received two additional SHU terms and Battery on an Inmate is still a "SHU-able" offense.

Plaintiff's allegations may be summarized essentially as follows:

In October 2014, Defendant Vodka asked the ICC to maintain Plaintiff's SHU term even though he had information and a modification order indicating that Plaintiff's paperwork was wrong. As a result, the ICC upheld Plaintiff's SHU term.

Defendant Jones was informed in October 2014 that Plaintiff's SHU term was unlawful and that Plaintiff had no lock-up order. Jones visited Plaintiff in the SHU on

3

December 24, 2014. However, he did not correct Plaintiff's "false punishment" despite having information clearing Plaintiff of the charge.

On January 5, 2015, Defendant Gutierrez "charged" Plaintiff with a rules violation for battery on an inmate. The allegations were false and were made with malicious intent. The Rules Violation Report ("RVR") was written in retaliation for Plaintiff filing a complaint against CCI officials. Gutierrez knew that the charges were unjust and that Plaintiff did not belong in the SHU. Plaintiff was not provided with the RVR. As a result of the RVR, Plaintiff received an 18 month SHU term.

Plaintiff alleges Defendants violated his due process rights and acted with deliberate indifference. He further alleges that, during his SHU term, he suffered stress, went on a hunger strike, and was unable to call home when his father was hospitalized and his grandmother passed away.

He seeks money damages.

**IV.   ANALYSIS**

   **A.   Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See id. at 466-68. Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings

4

are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Here, Plaintiff has not alleged facts to demonstrate that his conditions of confinement presented an atypical and significant hardship in relation to the ordinary incidents of prison life. Certainly, Plaintiff was assessed a lengthy SHU term. See Brown v. Oregon Dep't of Corr., 751 F.3d 983, 989-90 (9th Cir. 2014) (lengthy confinement without meaningful review may constitute atypical and significant hardship). However, during that term he appeared before an ICC more than once. The only other hardship Plaintiff alleges is the inability to communicate with family members during times of family difficulty. The Court does not doubt that this limitation is significant to Plaintiff. However, this fact alone is insufficient to allege an atypical and significant departure from the conditions of other prisoners. See Song v. Ignacio, No. 96–15901, 1997 WL 55128 (9th Cir. Feb. 7, 1997) (affirming dismissal of due process claim where the plaintiff failed to allege how his temporary loss of access to the canteen, phone,

showers, and recreation equipment presented a dramatic departure from the basic conditions of prison life).

Additionally, Plaintiff has failed to allege any deficiencies in the procedures afforded to him. As stated, Plaintiff appeared before ICCs more than once in relation to these charges. If, during those proceedings, Plaintiff was afforded the five protections described in Wolff, due process has been satisfied. Thus, to state a claim, Plaintiff must allege that he was not afforded one of the following: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.

Plaintiff also has failed to link the named Defendants to any due process violation. Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff does not allege that the Defendants were involved in the determination to place Plaintiff, or maintain his placement, in the SHU. He alleges only that they had information indicating Plaintiff's innocence of the charges but failed to take affirmative steps to extricate him from the SHU. This allegation does not state a due process claim.

6

Again, so long as Plaintiff was afforded the minimal procedural protections required under Wolff, due process has been satisfied.

Lastly, Plaintiff's allegation that Defendant Gutierrez "charged" him with a new RVR on January 5, 2015 is contradicted by the documents attached to Plaintiff's complaint. These documents reflect that Gutierrez reduced Plaintiff's prior charge, rather than charging him anew, and scheduled him to appear before an ICC for a redetermination of his SHU term.

In sum, Plaintiff's allegations fail to state a due process claim. He will be given leave to amend. If he chooses to do so, he must allege facts to show that he was subject to atypical and significant hardships in relation to the ordinary incidents of prison life, and that he was not afforded the minimal procedural protections required by law. He also must link any named Defendants to the unlawful conduct.

**B.     Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A conditions of confinement claim has both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the minimal civilized measure of life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

Second, the prison official must have acted with "deliberate indifference" to inmate health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish

liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must show that a defendant knew of, but disregarded, an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff has not alleged any excessive risk to his health or safety resulting from the RVR or his SHU term. Nor has he alleged that Defendants were aware of such risks but failed to take measures to abate them. Accordingly, he has failed to state a claim for deliberate indifference. He will be given leave to amend.

**C.    Retaliation**

Plaintiff alleges that Defendant Gutierrez charged Plaintiff with a RVR for battery on an inmate and subjected him to an 18 month SHU term in retaliation for Plaintiff having filed complaints against CCI staff.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt

8

v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is similarly protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

The documents attached to Plaintiff's complaint reflect that Gutierrez did not charge Plaintiff with Battery on an Inmate, but instead reduced Plaintiff's charge of Battery on an Inmate with Serious Bodily Injury. It is unclear how such a reduction in Plaintiff's charge could constitute an adverse action. Additionally, the documents reflect that Gutierrez did not subject Plaintiff to an 18 month SHU term, but instead scheduled Plaintiff to appear before the ICC for reconsideration of his SHU term. As a result, Plaintiff's 24 month term apparently was reduced to 18 months. Again, this reduction does not appear to constitute adverse action.

Even if Plaintiff could show that such conduct constituted adverse action, his allegations nonetheless fail to state a claim. He provides no facts on which to conclude that Defendant Gutierrez's actions were motivated by Plaintiff filing complaints against

9

CCI staff. He does not state when these alleged complaints were filed, who they were filed against, how Defendant Gutierrez came to know of them, or why they would spur Gutierrez to retaliate.

If Plaintiff chooses to amend, he must allege facts to show that Defendant Gutierrez took adverse action against him because of his complaints, and that such adverse action served no legitimate correctional goal.

## V.   CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed August 5, 2015;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   February 3, 2016           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE