1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   JAMES MARION SIMS,                    **CASE NO. 1:15-cv-01214-MJS (PC)**

11              Plaintiff,                 **ORDER DISMISSING ACTION WITH**
                                           **PREJUDICE FOR FAILURE TO STATE A**
12        v.                               **CLAIM**

13   J. GUTIERREZ,                         **(ECF NO. 13)**

14              Defendant.                 **DISMISSAL COUNTS AS A STRIKE**
15                                         **PURSUANT TO 28 U.S.C. § 1915(g)**

16                                         **CLERK TO TERMINATE ALL PENDING**
                                           **MOTIONS AND CLOSE CASE**
17

18

19       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

20   rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) Plaintiff has

21   consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared

22   in the action.

23       On August 5, 2015, Plaintiff filed his first civil rights complaint. (ECF No. 1.)  On

24   February 4, 2016, the Court issued an initial screening order dismissing Plaintiff's

25   complaint with leave to amend. (ECF No. 11.)  Plaintiff filed the instant first amended

26   complaint on March 10, 2016. (ECF No. 13.)

27

28

1  **I.    SCREENING REQUIREMENT**

2      The Court is required to screen complaints brought by prisoners seeking relief

3  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

4  § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

5  raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

6  relief may be granted, or that seek monetary relief from a defendant who is immune from

7  such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

8  thereof, that may have been paid, the court shall dismiss the case at any time if the court

9  determines that . . . the action or appeal . . . fails to state a claim upon which relief may

10  be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

11  **II.    PLEADING STANDARD**

12      Section 1983 "provides a cause of action for the deprivation of any rights,

13  privileges, or immunities secured by the Constitution and laws of the United States."

14  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

15  Section 1983 is not itself a source of substantive rights, but merely provides a method for

16  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

17  (1989).

18      To state a claim under § 1983, a plaintiff must allege two essential elements:

19  (1) that a right secured by the Constitution or laws of the United States was violated and

20  (2) that the alleged violation was committed by a person acting under the color of state

21  law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

22  1243, 1245 (9th Cir. 1987).

23      A complaint must contain "a short and plain statement of the claim showing that

24  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

25  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

26  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

27  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

28  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

2

1  that is plausible on its face." Id. Facial plausibility demands more than the mere

2  possibility that a defendant committed misconduct and, while factual allegations are

3  accepted as true, legal conclusions are not. Id. at 677-78.

4  **III.    PLAINTIFF'S ALLEGATIONS**

5      The acts giving rise to this complaint occurred at California Correctional Institution

6  ("CCI") where Plaintiff was incarcerated. He names CCI Chief Deputy Warden J.

7  Gutierrez as Defendant.

8      Plaintiff's claims arise from his confinement in the Security Housing Unit ("SHU")

9  at CCI.  Documents attached to Plaintiff's complaint reflect the following background

10  facts, relevant to his allegations:

11      On June 18, 2013, while housed at Salinas Valley State Prison, Plaintiff received

12  a Rules Violation Report ("RVR") for Battery on an Inmate with Serious Bodily Injury. He

13  was assessed a 24 month SHU term with a minimum eligible release date ("MERD") of

14  December 18, 2014. Subsequently, Plaintiff received three additional "SHU-able" RVRs

15  while at SVSP and, later, at CCI: (1) on August 10, 2013, for Threatening Violence

16  Against Staff for which he was assessed a 9 month SHU term with a MERD of March 3,

17  2014; (2) on February 17, 2014, for Refusing Housing; and (3) on March 25, 2014, for

18  Refusing to Accept Assigned housing.  For the latter two offenses, Plaintiff was

19  assessed a 3 month mitigated consecutive SHU term with a controlling MERD of August

20  26, 2015.

21      Plaintiff appealed the RVR for Battery on an Inmate with Serious Bodily Injury and

22  on March 21, 2014, a Modification Order was issued ordering Plaintiff's RVR be re-

23  issued/re-heard due to evidentiary issues. The charges were re-adjudicated on April 13,

24  2014 and, on April 22, 2014, the RVR was signed off on by the Chief Disciplinary Officer.

25  Plaintiff's 24 month SHU term for Battery on an Inmate with Physical Injury was upheld.

26      On October 3, 2014 Plaintiff was transferred to CCI and placed in the SHU.  Upon

27  Plaintiff's arrival at CCI he informed Defendant that he was being held illegally in the

28  SHU as he "had no lock-up order or RVR."  On December 18, 2014, Defendant audited

3

1   Plaintiff's RVR and concluded that the guilty charge of Battery on an Inmate with Serious

2   Bodily Injury was not supported by the evidence presented at the April 13, 2014 hearing.

3   Accordingly, on January 5, 2015, Defendant Gutierrez notified Plaintiff that the charge

4   would be modified and reduced to Battery on an Inmate. Plaintiff's 24 month SHU term

5   was voided. Plaintiff was scheduled for the Institutional Classification Committee ("ICC")

6   to reassess his SHU term, given that Plaintiff had received two additional SHU terms for

7   unrelated offenses, and Battery on an Inmate still qualified as a "SHU-able" offense.  On

8   January 22, 2015, the CCI Chief Disciplinary officer imposed an 18 month SHU term.

9           Plaintiff states Defendant wrongly reduced, rather than dismissed, the charges

10  against Plaintiff without first holding a hearing.   Plaintiff further alleges the time

11  limitations pursuant to California Code of Regulations title 15, section 3313(c) had run

12  out and the "third level modification order" was never carried out.  Defendant also is

13  alleged to have retaliated against Plaintiff for complaining about prison officials' conduct.

14          Plaintiff also claims efendant also recommended Plaintiff be transferred to Pelican

15  Bay State Prison ("PBSP"), falsely noting that Plaintiff had requested the transfer to be

16  closer to family and friends.  Plaintiff has no family or friends in the vicinity of PBSP; he

17  is from Los Angeles County.

18          Plaintiff attaches a letter to his complaint, addressed to "whom it may concern," in

19  which he states Correctional Officer F. Martinez is refusing to give Plaintiff and his

20  cellmate their mail and has directed other COs to do the same.  CO Martinez is not

21  named as a defendant.

22          Plaintiff accuses Defendant of cruel and unusual punishment, violating Plaintiff's

23  due process rights, and retaliation.   He seeks monetary damages.

24  **IV.    ANALYSIS**

25          **A.    Due Process**

26          The Due Process Clause protects prisoners from being deprived of liberty without

27  due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a

28  cause of action for deprivation of procedural due process, a plaintiff must first establish

4

1   the existence of a liberty interest for which the protection is sought. Liberty interests may

2   arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S.

3   460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty

4   interest in being confined in the general prison population instead of segregation. See id.

5   at 466-68. Liberty interests created by state law are limited to freedom from restraint

6   which "imposes atypical and significant hardship on the inmate in relation to the ordinary

7   incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

8       "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

9   panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S.

10  at 556. The minimum procedural requirements that must be met in such proceedings

11  are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

12  receives written notice and the time of the hearing, so that the prisoner may prepare his

13  defense; (3) a written statement by the fact finders of the evidence they rely on and

14  reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his

15  defense, when permitting him to do so would not be unduly hazardous to institutional

16  safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is

17  illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five

18  minimum Wolff requirements are met, due process has been satisfied. Walker v.

19  Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v.

20  Connor, 515 U.S. 472 (1995).

21      In addition, "some evidence" must support the decision of the hearing officer,

22  Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some

23  indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some

24  evidence" standard is not particularly stringent and the relevant inquiry is whether "there

25  is any evidence in the record that could support the conclusion reached. . . ." Hill, 472

26  U.S. at 455-56 (emphasis added).

27

28

1    Here, Plaintiff has not alleged facts to demonstrate that his confinement in the

2    SHU presented an atypical and significant hardship in relation to the ordinary incidents

3    of prison life.

4    Additionally, Plaintiff has failed to allege any deficiencies in the procedures

5    afforded to him. As stated, Plaintiff appeared before ICCs more than once in relation to

6    these charges. If, during those proceedings, Plaintiff was afforded the five protections

7    described in Wolff, due process has been satisfied. Thus, to state a claim, Plaintiff must

8    allege that he was not afforded one of the following: (1) written notice of the charges; (2)

9    at least 24 hours between the time the prisoner receives written notice and the time of

10   the hearing, so that the prisoner may prepare his defense; (3) a written statement by the

11   fact finders of the evidence they rely on and reasons for taking disciplinary action; (4)

12   the right of the prisoner to call witnesses in his defense, when permitting him to do so

13   would not be unduly hazardous to institutional safety or correctional goals; and (5) legal

14   assistance to the prisoner where the prisoner is illiterate or the issues presented are

15   legally complex.

16   Plaintiff also has failed to link Defendant to any due process violation. Under §

17   1983, Plaintiff must demonstrate that each named defendant personally participated in

18   the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo

19   Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d

20   1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A

21   person subjects another to the deprivation of a constitutional right, within the meaning of

22   section 1983, if he does an affirmative act, participates in another's affirmative acts, or

23   omits to perform an act which he is legally required to do that causes the deprivation of

24   which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25   Plaintiff seems to argue that upon his arrival at CCI, he should have had a new

26   hearing on his RVR for Battery on an Inmate with Serious Injury, and Defendant's

27   decision to reduce that charge rather than dismiss it without a hearing violated due

28   process.  These arguments appear to be based primarily on the California regulations.

6

1   However, California regulations do not dictate the outcome of the federal due process

2   analysis. Nor do the Title 15 regulations governing the conduct of prison officials entitle

3   an inmate to sue civilly for their violation. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-

4   JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F.

5   Supp. 2d 1196, 1211 (S.D. Cal. 2012). Accordingly, Plaintiff's allegation that regulations

6   were not followed, standing alone, fails to state a claim.

7          Furthermore, Plaintiff has provided no support for his claim that the charge

8   should have been dismissed rather than reduced or for his assertion that Defendant was

9   required to conduct a de novo hearing on Plaintiff's RVR.   Plaintiff's documentation

10  shows that Plaintiff's RVR was already re-heard and re-adjudicated, as ordered by the

11  March 21, 2014 Modification Order, while Plaintiff was still housed at SVSP.   When

12  Plaintiff transferred to CCI, Defendant merely audited the RVR and, based on that audit,

13  decided to reduce the charge. Plaintiff has not shown that either due process or the

14  applicable regulations required Defendant to do anything further. See 15 Cal Code

15  Regs. § 3315(g); see also Foster v. Statti, No. 2:10-cv-0929-TLN-AC, 2013 WL

16  5348098, at *10 (E.D. Cal. Sept. 23, 2013) (discussing audit procedure).

17         In sum, Plaintiff's allegations fail to state a due process claim. Plaintiff previously

18  was advised of the legal standards applicable to his claims and has failed to cure noted

19  defects. Further leave to amend this claim appears to be futile and will be denied.

20         **B.    Eighth Amendment**

21         The Eighth Amendment's prohibition against cruel and unusual punishment

22  protects prisoners from inhumane methods of punishment and inhumane conditions of

23  confinement.   Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations

24  omitted). "[A] prison official may be held liable under the Eighth Amendment for denying

25  humane conditions of confinement only if he knows that inmates face a substantial risk

26  of serious harm and disregards that risk by failing to take reasonable measures to abate

27  it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

28         A conditions of confinement claim has both an objective and a subjective

1   component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . .

2   sufficiently serious," and must "result in the denial of the minimal civilized measure of

3   life's necessities." Id. (internal quotation marks and citations omitted) "[E]xtreme

4   deprivations are required to make out a conditions-of-confinement claim." Hudson v.

5   McMillian, 503 U.S. 1, 9 (1992).

6       Second, the prison official must have acted with "deliberate indifference" to inmate

7   health or safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish

8   liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must

9   show that a defendant knew of, but disregarded, an excessive risk to inmate health or

10  safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from

11  which the inference could be drawn that a substantial risk of serious harm exists, and he

12  must also draw the inference." Id.

13      Plaintiff has not alleged any excessive risk to his health or safety resulting from

14  the RVR, his SHU term, or his transfer to PBSP. Nor has he alleged that Defendant was

15  aware of such risks but failed to take measures to abate them. Accordingly, he has failed

16  to state a claim for deliberate indifference. Plaintiff previously was advised of these

17  defects and nonetheless failed to cure them. Further leave to amend will be denied. **C.**

18      **C.    Retaliation**

19      Plaintiff alleges that Defendant retaliated against Plaintiff for filing complaints

20  against CCI staff.

21      "Within the prison context, a viable claim of First Amendment retaliation entails

22  five basic elements: (1) An assertion that a state actor took some adverse action against

23  an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

24  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

25  reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,

26  567-68 (9th Cir. 2005).

27      The second element of a prisoner retaliation claim focuses on causation and

28  motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show

8

1   that his protected conduct was a "'substantial' or 'motivating' factor behind the

2   defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314

3   (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the

4   defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283,

5   1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact

6   regarding prison officials' retaliatory motives by raising issues of suspect timing,

7   evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt

8   v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as

9   circumstantial evidence of retaliatory intent").

10         The third prong can be satisfied by various activities. Filing a grievance is a

11   protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d

12   1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is similarly protected under

13   the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

14         With respect to the fourth prong, "[it] would be unjust to allow a defendant to

15   escape liability for a First Amendment violation merely because an unusually determined

16   plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty.,

17   192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an

18   official's acts would chill or silence a person of ordinary firmness from future First

19   Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192

20   F.3d at 1300).

21         With respect to the fifth prong, a prisoner must affirmatively show that "the prison

22   authorities' retaliatory action did not advance legitimate goals of the correctional

23   institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at

24   532.

25         Plaintiff's first amended complaint is completely silent on the adverse action

26   Defendant allegedly subjected him to in retaliation for his staff complaints.

27         Assuming that Plaintiff intends to allege that either his retention in SHU or his

28   transfer to PBSP was retaliatory, his allegations nonetheless fail to state a claim. He

9

1    provides no facts on which to conclude that Defendant's actions were motivated by

2    Plaintiff filing complaints against CCI staff. He does not state when these alleged

3    complaints were filed, who they were filed against, how Defendant came to know of

4    them, or why they would spur Defendant to retaliate.

5           Plaintiff previously was advised of the applicable legal standard and has failed to

6    state a cognizable retaliation claim. Further leave to amend appears futile and will be

7    denied.

8           **D.     Withholding Mail**

9           CO Martinez is not a defendant; therefore, the Court need not analyze whether

10   Plaintiff has made any cognizable claims against this individual for withholding Plaintiff's

11   mail.  Furthermore, Plaintiff may not add new, unrelated claims against CO Martinez in

12   this action. The alleged withholding of Plaintiff's mail has no relation his forced

13   confinement in the SHU, and any claims against CO Martinez therefore belong in a

14   separate suit.  Fed. R. Civ. P. 20(a)(2) (a plaintiff may only sue multiple defendants in

15   the same action if at least one claim against each defendant arises out of the same

16   "transaction, occurrence, or series of transactions or occurrences" and there is a

17   "question of law or fact common to all defendants."); Coughlin v. Rogers, 130 F.3d 1348,

18   1351 (9th Cir.1997); Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371,

19   1375 (9th Cir.1980).

20   **V.    CONCLUSION AND ORDER**

21          Plaintiff's first amended complaint fails to state a cognizable claim. He previously

22   was advised of his pleading deficiencies and afforded the opportunity to correct them.

23   He failed to do so. Any further leave to amend reasonably appears futile and will be

24   denied.

25          Accordingly, it is HEREBY ORDERED that:

26              1.  The action is DISMISSED with prejudice for failure to state a claim;

27              2.  Dismissal counts as a strike pursuant to the "three strikes" provision set

28                  forth in 28 U.S.C. § 1915(g); and

1

        3.  The Clerk of the Court shall terminate all pending motions and close the

2

        case.

3

IT IS SO ORDERED.

4

5

   Dated:  __June 17, 2016__           /s/ *Michael J. Seng*

6

                                UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28